## IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| KAREN HARRIS, | )<br>)  2011 JUL -6 AM 9:41<br>) HOWARD G. HOGAN |
| Plaintiffs, | ) |
| vs. | ) No. 186788-1 |
| AMERICAN GENERAL LIFE<br>INSURANCE COMPANIES, LLC<br>and AMERICAN INTERNATIONAL<br>GROUP, INC. | )<br>)<br>)<br>) |
| Defendants. | ) |

### COMPLAINT

Comes the Plaintiff, Karen Harris, by and through counsel and for her cause of action states as follows:

#### Parties

1. The Plaintiff, Karen Harris is a resident of Knox County Tennessee, residing at 721 Walker Springs Rd. Apt F-2, Knoxville, TN 37929.

2. The Defendant American General Life Insurance Companies, LLC (hereinafter "AGLI") at all relevant times was transacting business in Tennessee and specifically with residents of Knox County, Tennessee. Whenever in this suit it is alleged that the Defendant AGLI did any act or thing or failed to do any act or thing, it is meant that the officers, agents and/or employees of said Defendant performed or participated in or failed to perform such acts or things while in the course and scope of their employment or agency relationship with said Defendant. Defendant AGLI may be served with process via its registered agent Corporation Service Company, 2908 Poston Ave, Nashville, TN 379203.

3. The Defendant American International Group, Inc., (hereinafter "AIG") at all relevant times was transacting business in Tennessee, and specifically with residents of Knox County, Tennessee. Whenever in this suit it is alleged that the Defendant, AIG, did any act or thing or failed to do any act or thing, it is meant that the officers, agents and/or employees of said Defendant performed or participated in or failed to perform such acts or things while in the course and scope of their employment or agency relationship with said Defendant. Defendant AIG may be served with process via its registered agent Michael L. Myers, 134 County Road 25, Riceville, TN 37370.

4. Defendant AIG is believed to be the controlling entity and/or alter ego of Defendant AGLI, and it is believed that AGLI was operated as a mere instrumentality of AIG and as such, AGI is responsible for any liability and damages that flow from the misconduct of either Defendant.

5. The Plaintiff sues the Defendants for common law, statutory and other compensatory and punitive damages.

6. At all material times, the events and transactions described herein occurred in Knox County Tennessee.

### Facts and Background

7. The Plaintiff, Karen Harris, is the widow of the late Rick Harris, deceased.

8. On or about October 20, 2009 Rick Harris, deceased, purchased an Accidental Death Insurance Policy from the Defendants, contract number YMC0133479, which was to pay out $200,000.00 in the event of Mr. Harris' accidental death to his named beneficiary, his wife Karen Harris. (See copy of said contract, attached hereto as Exhibit A.)

2

9. Upon information and belief, at the time of the above-referenced transaction, the Defendants knew or reasonably should have known that the late Rick Harris was prescribed various medications, including, but not limited to, hydrocodone and methadone, for a prior catastrophic work injury that left him in a disabled and physically compromised state.

10. On or about February 13, 2010 Mr. Harris expired in his sleep, and thereafter was found dead in his home in Knox County Tennessee. An autopsy deemed his cause of death to be an accidental overdose relating to medications prescribed to him by his pain management physician(s).

11. Pursuant to the terms of the policy, a timely claim for benefits was submitted by/or on behalf of Karen Harris, which the Defendants wrongfully, and in bad faith, denied on or about November 4, 2010.

12. In explaining their denial, the Defendants claimed that Mr. Harris' death was excluded from the policy coverage as it was not due to "accidental injury," within the meaning of the policy, and that an exclusion pertaining to the "misuse" of prescription drugs additionally prevented them from paying out the benefits to the Plaintiff Karen Harris, the designated beneficiary under the policy.

13. To date, the Defendants have neither provided Karen Harris with any investigative documentation or evidence supporting that Mr. Harris' death was the result of the intentional "misuse" of his prescription drugs, and there appears no exclusion in the policy pertaining to accidental deaths caused by prescription medications, aside from instances where the prescription drugs were intentionally "misused."

3

### Breach of Contract/Implied Covenant of Good Faith and Fair Dealing

14. The Defendants are guilty of breach of contract. The Defendants entered into a contractual relationship with the late Rick Harris for the benefit of his intended third-party beneficiary, the Plaintiff, Karen Harris. Pursuant to said agreement, the Defendants promised the late Rick Harris that in the event of his accidental death that they would pay death benefits to his designated beneficiary, the Plaintiff Karen Harris. The late Rick Harris paid regular premiums upon the policy and the Defendant failed to pay the benefits bargained for to the designated beneficiary, the Plaintiff, Karen Harris, which was the essential element of the late Rick Harris' bargain. Thus, the Defendants are guilty of breaching its contract with the late Rick Harris, which he entered for the benefit of the Plaintiff, Karen Harris.

15. The Defendants breached the implied covenant of good faith and fair dealing. Upon entering into a contractual agreement with the late Rick Harris for benefit of the Plaintiff Karen Harris, the Defendants were under a duty of good faith and fair dealing. This duty was breached when the Defendants denied the Plaintiff's claim for benefits without any evidence that the late Rick Harris intentionally "misused" his prescription medications. The late Rick Harris was misled by the Defendants into believing they would uphold their end of the bargain and pay the designated beneficiary, Karen Harris, death benefit proceeds, following the accidental death of Rick Harris. As a result of said breach, the Plaintiff, Karen Harris, has been damaged.

### Negligence/Fraud/Bad Faith

16. The Defendants' denial of benefits described above was either negligent, grossly negligent, or worse, part of a sustained pattern of fraud and corruption and in bad faith within the meaning of Tennessee Code Ann. §56-7-105.

4

17. As a result of said conduct of the Defendants, the Plaintiff, Karen Harris, has been damaged as she was the intended third-party beneficiary of the contract between the Defendants and the late Rick Harris.

## Tennessee Consumer Protection Act

18. The Plaintiff, Karen Harris, as the designated beneficiary of the agreement entered into between the Defendants and the late Rick Harris, is a consumer as defined by Tennessee Code Ann. § 47-18-103(2). The Defendants are a person in the commerce of selling goods to the public and engaged in consumer transactions with the Plaintiff with respect to the underlying purchase described herein, as defined by Tennessee Code Ann. § 47-18-103.

19. In representing through their agents that the Plaintiff Karen Harris' claim to the policy proceeds was denied due to the manner of the late Rick Harris' death, the Defendant engaged in unfair, deceptive and fraudulent trade practices as defined by Tennessee Code Ann. § 47-18-104. As a result of said practices, the Plaintiff, Karen Harris, has been damaged.

20. Upon information and belief, the Defendant's breach of duty and fraudulent dealing toward the Plaintiff, Karen Harris, is not isolated or solitary, but rather is repeated, continuous and sustained.

21. The Plaintiff, Karen Harris, is entitled to an award of treble damages and reasonable attorney fees and costs in this cause as provided by Tennessee Code Ann. § 47-18-109.

**PREMISES CONSIDERED**, the Plaintiff, Karen Harris, prays as follows:

1. That this Complaint be served upon Defendants requiring them to answer within the time prescribed by law.

5

2. That the Plaintiff, Karen Harris, have a judgment against Defendants for the benefit of the bargain sought by the late Rick Harris when he entered the aforesaid agreement with the Defendants.

3. That the Plaintiff, Karen Harris, be awarded additional damages as determined by the Court and/or the Jury for the suffering caused by the Defendants and for being dealt with in bad faith and in such a negligent, reckless, fraudulent, and deceptive fashion.

4. That any damages awarded to the Plaintiff, Karen Harris, be trebled and she also receive judgment against the Defendants for reasonable attorney fees and costs for bringing this action as authorized by the Tennessee Consumer Protection Act.

5. That punitive damages be awarded against the Defendant in the amount of $200,000.00 or greater due to the Defendant's willful and deliberate deception and fraud in this matter.

6. That the Plaintiff, Karen Harris, respectfully demands any other relief to which she may be entitled.

**WHEREFORE**, Plaintiff respectfully demands a judgment for compensatory damages of at least $200,000.00 and for punitive damages of at least $200,000.00, the statutory bad faith penalty and any other relief to which she is entitled.

6

Respectfully submitted this 6th day of July, 2011.

**BILL HOTZ & ASSOCIATES, P.C.**

By: _____
James D. Busch (BPR # 024090)
Attorney for the Plaintiff
6004 Walden Drive
Knoxville, TN 37919
(865) 637-8282

## COST BOND

I am the surety for the costs of this cause in accordance with T.C.A. §20-12-120

_____
James D. Busch (BPR # 024090)

7